```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION


VALERIE BACON and
HAROLD BACON                                         PLAINTIFFS

VS.                            CIVIL ACTION NO. 5:15-cv-44(DCB)(MTP)

ROGER VAUGHN and
BIG RIVER OIL FIELD SERVICES, L.L.C.                 DEFENDANTS
```

### MEMORANDUM OPINION AND ORDER

This case is before the Court on the plaintiffs Valerie and Harold Bacon ("the Bacons")'s Motion to Remand **(docket entry 5)**. Having carefully considered the motion, defendant Big River Oil Field Services, L.L.C. ("Big River")'s response, the parties' memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

On December 31, 2014, the plaintiffs filed their original Complaint against the defendants in the Circuit Court of Adams County, Mississippi. The Complaint alleges that the plaintiffs' vehicle was rear-ended by a truck owned and operated by defendant Big River, and driven by defendant Roger Vaughn ("Vaughn"). The original Complaint was not served on any of the defendants.[1] On May 14, 2015, the plaintiffs filed a First Amended Complaint in state court. Big River asserts that it was "ostensibly served" with a copy of the Summons and Complaint on May 14, 2015. Notice

---

[1] A third defendant, Big River Oil and Gas, L.L.C., was voluntarily dismissed by the plaintiffs in state court on May 11, 2015.

of Removal, ¶ 7.  Four days later, on May 18, 2015, Big River filed a "proper and timely" Notice of Removal to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Id., ¶¶ 4, 8.

The plaintiffs assert that defendant Vaughn's failure to consent to or join in the Notice of Removal, as required by the "rule of unanimity," creates a defect in the Notice of Removal. Motion to Remand, p. 1, fn.1; Memorandum in Support of Motion to Remand, p. 3.  Consent of all co-defendants who have been properly served is required for removal.  See Eagle Capital Corp. v. Munlake Contractors, Inc., 2012 WL 568701, *2 (S.D. Miss. Feb. 21, 2012)(citing Doe v. Kerwood, 969 F.2d 165, 167 (5th Cir. 1992)). The Fifth Circuit recognizes three exceptions to the rule of unanimity: "(1) improperly or fraudulently joined defendants; (2) nominal or formal parties; and (3) defendants who have not been served by the time of removal."  Eagle Capital, 2012 WL 568701 at *2 (internal citations omitted).

Big River does not contend that Vaughn was improperly or fraudulently joined, nor does it argue that Vaughn is merely a nominal or formal party.  Instead, Big River asserts that Vaughn "has not been served at the time of removal and is not required to join in or consent [to the Notice of Removal]."  Notice of Removal, ¶ 8, fn.1.

Rule 4 of the Mississippi Rules of Civil Procedure, like its

federal counterpart, requires that service of the summons and complaint must be "made upon a defendant within 120 days after the filing of the complaint ...." Miss.R.Civ.P. 4(h); Fed.R.Civ.P. 4(m). If service is not made within 120 days, the plaintiff must "show good cause why such service was not made within that period." Miss.R.Civ.P. 4(h). The advisory committee note to Miss.R.Civ.P. Rule 4(h) advises:

> If service cannot be made within the 120-day period, it is clearly advisable to move the court within the original time period for an extension of time in which to serve the defendant. If the motion for extension of time is filed within the 120-day time period, the time period may be extended for "cause shown" pursuant to Rule 6(b)(1). If a motion for extension of time is filed outside of the original 120-day time period, the movant must show "good cause" for the failure to timely serve the defendant pursuant to Rule 4(h). See Johnson v. Thomas, 982 So.2d 405 (Miss. 2008).

Miss.R.Civ.P. 4(h) Adv. Comm. Note.

On April 13, 2015, within the original 120-day time period, the Bacons moved the state court for an extension of time (an additional 60 days) to serve the defendants, on grounds that after diligent search and inquiry they were unable to locate the defendants. (docket entry 1-3, pp. 18-19)[2]. Also on April 13, 2015, counsel for plaintiffs filed an Affidavit stating that after diligent search and inquiry, he had been unable to learn the address of defendant Vaughn. Plaintiff's Counsel also advised the state court that he was requesting service by publication pursuant

---

[2] All docket entry numbers refer to this Court's docket.

to Miss.R.Civ.P. 4. (docket entry 1-3, pp. 20-21).

On April 15, 2015, Adams County Circuit Court Judge Forrest A. Johnson granted the plaintiff's motion for extension of time. He found that the plaintiffs had been "unable to locate the defendants after diligent search and inquiry in Adams and Wilkinson Count[ies, Mississippi] and Concordia Parish [Louisiana], having attempted service of process through Sheriff's departments in all three counties and parishes." Order Granting Extension of Time (docket entry 1-3, pp. 24-25). Judge Johnson further found that the plaintiffs' attempts to locate the defendants through private entities had also been fruitless, and that the plaintiffs sought service by publication. Id. (docket entry 1-3, p. 25). The Order Granting Extension of Time allowed the plaintiffs 60 additional days to effect service of process under Rule 4, including service by publication. Id.

Service by publication on defendant Vaughn was begun on April 17, 2015, in the Natchez Democrat, and ran for two more successive weeks, April 24 and May 1, 2015. Rule 4(c)(4)(B) provides that "[t]he publication of said summons shall be made once a week during three successive weeks in a public newspaper of the county in which the complaint ... is pending ...." Miss.R.Civ.P. 4(c)(4)(B). Service by publication was complete on May 1, 2015, the date of the last publication. See Miss.R.Civ.P. 4(c)(4)(B). Thus, service of process on defendant Vaughn was complete before Big River filed its

4

Notice of Removal on May 18, 2015.

Big River states that "[u]nder Rule 4(c)(4) of the Mississippi Rules of Civil Procedure, service by publication may be utilized in either chancery court or in another court where process by publication is authorized by statute."  Big River's Response (docket entry 14, p. 5).  It also quotes the Advisory Committee Notes to Rule 4:

> Publication service is authorized by Rule 4(c)(4) and is limited to defendants in chancery court proceedings and other proceedings where service by publication is authorized by statute.  Service by publication is further limited to defendants who are nonresidents or who cannot be found within the state after diligent inquiry.

Miss.R.Civ.P. 4(c)(4) Adv. Comm. Note (quoted in Big River's Response (docket entry 14, p. 5)).  Big River concludes: "Thus, a plaintiff may use publication as a method of service of process under two circumstances (1) when the action is pending in chancery court; or (2) when the action is in any other court and publication is authorized by statute.  Because this action was not pending in chancery court and because there is no applicable statute authorizing service by publication under the circumstances (i.e., in a personal injury action brought in circuit court), Plaintiffs' attempt to serve Mr. Vaughn by publication was defective and improper."  Id.

The Court finds that despite the quoted language in Rule 4(c)(4) and the Advisory Committee Notes, Rule 81 of the Mississippi Rules of Civil Procedure provides that the Rules, in

5

general, "apply to all civil proceedings but are subject to limited applicability in the following actions which are generally governed by statutory procedures .... Statutory procedures specifically provided for each of the above proceedings [subsections 81(a)(1)-(12)] shall remain in effect and shall control to the extent they may be in conflict with these rules; otherwise these rules apply." Miss.R.Civ.P. 81(a)(emphasis added).

The Mississippi Supreme Court has held that "[o]ur Rules of Civil Procedure 'apply to all civil proceedings' in circuit and chancery court." USF&G Ins. Co. of Miss. v. Walls, 911 So.2d 463 (Miss. 2005)(first emphasis in original, second emphasis added)(citing Miss.R.Civ.P. 81; Miss.R.Civ.P. 1). None of the limiting subsections under Rule 81(a) refer to proceedings in circuit court per se, nor do they refer to personal injury actions. Furthermore, other than the twelve subsections which are subject to specific statutory procedures, all other cases are governed by the Mississippi Rules of Civil Procedure. City of Jackson v. Byram Incorporators, 16 So.3d 662, 672 (Miss. 2009).

In Page v. Crawford, 883 So.2d 609 (Miss. App. 2004), a civil suit arising out of a motor vehicle accident, the plaintiff, Crawford, like the plaintiffs in this case, had attempted service by both process servers and the county sheriff's office. Also, as in this case, service was first attempted at the address the defendant driver had given police at the time of the accident, then

at addresses supplied by the process servers.  The defendant could not be found at any of those addresses.  Id. at 610.  The plaintiff then attempted to complete service through publication in the local newspaper on August 6, 13 and 20, 2002.  However, the plaintiff had filed her Complaint on April 17, 2002.  The 120 day period for service of process expired on August 15, 2002, five days before the plaintiff's service by publication was complete.

On September 6, 2002, the defendant filed a motion to dismiss based on the plaintiff's failure to serve process within 120 days. The plaintiff answered the motion and filed a motion to allow out-of-time service.  The circuit court denied the motion for out-of-time service and granted the defendant's motion to dismiss.  Id. at 611.  The Mississippi Court of Appeals noted that "the circuit court did not make a finding pertaining to whether good cause existed, but merely held that Crawford's motion to dismiss was well taken and should be granted."  Id. at 612.  The Court of Appeals therefore reversed the judgment of the circuit court and remanded for a determination of whether good cause was shown.  Id.

While not addressing the question of service of process via publication directly, the Court of Appeals did note that "[s]ervice of process by publication is only permissible after the plaintiff has failed in locating the defendant to effect personal service following diligent inquiry," id., thus implying that service by publication is available in circuit court and in particular in a

personal injury action, if the requirements of Miss.R.Civ.P. 4(c)(4) are met.

In the case sub judice, service of process was valid, both as to timeliness (within the 60 day extension) and method (service by publication), as found by the circuit court.  This Court therefore finds that service of process on Vaughn was valid under Mississippi law, and that Vaughn was required to join in or consent to the Notice of Removal.

"[T]he federal removal statutes are to be construed strictly against removal and for remand."  Gillis v. Great Atlantic & Pacific Tea Co., Inc., 153 F.Supp.2d 883, 884-885 (S.D. Miss. 2001).  "In considering disputes concerning jurisdiction, a district court, in a challenged case, may retain jurisdiction only where its authority to do so is clear."  Smith v. Union Nat. Life Ins. Co., 187 F.Supp.2d 635, 638 (S.D. Miss. 2001)(internal quotation and citation omitted).  "A removing defendant bears the burden of demonstrating that jurisdiction properly lies with the district court, and that removal was, indeed, proper."  Id.

In this case, the removing defendants have failed to meet their burden of showing that Vaughn was not properly served prior to the Notice of Removal.  Big River was required to obtain Vaughn's consent to or joinder in the Notice of Removal, and its failure to do so, as required by the "rule of unanimity," creates a defect in the Notice of Removal.  The Court shall therefore grant

the Motion to Remand.

Accordingly,

IT IS HEREBY ORDERED that the plaintiffs' Motion to Remand **(docket entry 5)** is GRANTED.

A separate Order of Remand, remanding this case to the Circuit Court of Adams County, Mississippi, shall be entered this date.

SO ORDERED, this the 14th day of October, 2015.

/s/ David Bramlette
UNITED STATES DISTRICT COURT